IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN SIERRA-LOPEZ,

                Plaintiff,                OPINION & ORDER

  v.
                                                    17-cv-599-wmc

MICHAEL LAMARCA, BARB HARRIS,
JASEN MILLER, DENISE VALERIOUS,
SALEM SYED, JOLINDA WATERMAN,
REBECCA TRACY, SANDRA MCARDLE,
LORI ALSUM and JANE DOE NURSE,

                Defendants.

---

The court previously granted *pro se* plaintiff Kevin Sierra-Lopez leave to proceed on Eighth Amendment claims against various Wisconsin Department of Corrections ("DOC") employees, based on their alleged failure to treat pain associated with having his wisdom teeth removed, failure to protect him from self-harm and treat medical conditions caused by that self-harm. (3/12/19 Order (dkt. #28); 6/28/19 Order (dkt. #76) (granting leave to proceed against two additional defendants).) For all times material to his complaint, Sierra-Lopez was an inmate in the custody of the DOC.

In this order, the court takes up a number of motions, including several motions for sanctions and related motions brought by plaintiff, largely through his "jailhouse lawyer" Hakim Naseer. For the reasons that follow, the court will deny those motions and warns plaintiff that future, frivolous filings will likely result in graduating sanctions, up to and including dismissal of his lawsuit. The motions both distract the court and the parties from the possible merits of plaintiff's claims, as well as waste limited court resources. In addition to these meritless motions, the court will: address the status of three of the named

defendants; deny plaintiff's motion for reconsideration of his motion for preliminary injunction; deny defendant McArdle' motion for summary judgment on exhaustion grounds; and deny without prejudice plaintiff's motion for assistance in recruiting pro bono counsel.

I. Clarification of the Status of Three Defendants

Plaintiff filed a motion for the court to accept plaintiff's previous e-filings as to defendant Rebecca Tracy. (Dkt. #77.) As plaintiff explains, he did not serve these filings on defendant Tracy because the Wisconsin Department of Justice originally represented that it would accept service of process on her behalf (dkt. #36), only to later amend that notification to state that it would not (dkt. #43). Under the circumstances, plaintiff's confusion is understandable, and he will not be faulted for failing to provide defendant Tracy with copies of his filings to date. Indeed, plaintiff could not have provided defendant Tracy with copies because the United States Marshal Service was unable to serve her. (Dkt. #103.) As such, while plaintiff was granted leave to proceed against Tracy, she is not yet a party to this lawsuit. Even so, the United States Marshal Service indicated that they have so far attempted service on Tracy twice at the same location. Accordingly, the court will require the Marshal Service to attempt service one more time and, if again unsuccessful, to provide additional details about the efforts they took to verify the address of service. *See Williams v. Welinger*, 795 F.3d 759 (7th Cir. 2015).

Next, plaintiff seeks clarification as to the status of defendant Barbara (or Barb) Harris a/k/a "Nurse Barb." (Dkt. #87.) To date, a summons has not been issued for Harris because the DOC has been unable to identify her. (Dkt. #43.) As such, Barbara Harris

2

a/k/a Nurse Barb is also not yet a party to this lawsuit. If plaintiff wishes to pursue his claim against her, he must provide additional identifying information, if he has any, or attempt to obtain it through discovery. Absent additional information, the court cannot issue a summons and complaint, nor obviously can the Marshal Service effect service on Harris.

Given the procedural posture of this case -- the defendants who have been served filed for summary judgment on February 14, 2020 -- *and* the fact that plaintiff is proceeding against the core defendants responsible for his medical care, plaintiff may choose not to pursue claims against these two additional care providers further. Regardless, whether he decides not to pursue claims against Harris and Tracy or effective service cannot be accomplished within the next 60 days, these defendants will be dismissed from this lawsuit without prejudice.[1]

Finally, the parties filed a series of motions concerning defendant Lori Alsum. Given that both sides have since withdrawn those motions, the court will not address them further.[2] As such, Alsum's status as a defendant in this lawsuit remains unchanged.

## II. Plaintiff's Motion for Reconsideration

In its prior order denying plaintiff's motion for preliminary injunction, the court

---

[1] In this same motion, plaintiff also seeks clarification as to the *scope* of his claims against defendants Waterman and McArdle. Plaintiff has already been granted leave to proceed on Eighth Amendment claims against both defendants based on his penile and arm injuries. Those claims may encompass ongoing events after the filing of the lawsuit, but these do not constitutes new "claims."

[2] Specifically, defendant Alsum has withdrawn her motion for summary judgment for failure to exhaust and plaintiff has withdrawn his motion to voluntarily dismiss her.

3

indicated that plaintiff could either renew it *or* alert the court if his June 17 appointment with the UW Pain Clinic did not occur. (6/28/19 Order (dkt. #76) 3.) In a motion for reconsideration, plaintiff instead responds that while he did have an appointment with a UW Pain Clinic doctor, the doctor declined to provide him any treatment. (Dkt. #85.) However, any claim based on a failure on the part of a UW doctor to treat his pain falls outside of the scope of this lawsuit. In that same motion, plaintiff also complains that he is suffering from the side effects of an anti-depressant prescribed by a WSPF doctor who is not a defendant in this action. This claim, too, falls outside of the scope of the present lawsuit. Given that plaintiff has offered no viable grounds to challenge the court's earlier rejection of his motion for preliminary injunction, his motion for reconsideration will be denied.

### III. Plaintiff's Motion to Compel and Motions for Sanctions

Consistent with his practice (or at least the practice of his jailhouse attorney Hakim Naseer), plaintiff has also filed additional motions to "compel discovery," which more accurately could have been styled as motions for sanctions against defendant McArdle and/or her counsel. (Dkt. ##78, 88.) The court has already warned plaintiff that his "continued resort to such frivolous motions may give rise to the court *sua sponte* sanctioning plaintiff." (6/28/19 Order (dkt. #76) 6.) The court agrees with defendant McArdle's attorney that plaintiff's then fellow inmate, Hakim Naseer, is likely behind these frivolous motions, making it less inclined to sanction plaintiff directly. Moreover, given plaintiff's transfer out of WSPF -- indeed, out of the custody of the DOC entirely -- his frivolous filings have declined. As such, the court will simply deny his pending discovery motions,

but renews its warning to plaintiff that if he continues to sign frivolous motions, whether or not authored by Naseer, the court will sanction him, up to and including dismissal of this action.

In addition to plaintiff's motions, defendant McArdle jumped on board and filed her own motion for sanctions. (Dkt. #92.) While the court is sympathetic to defendant McArdle's complaints about how plaintiff is prosecuting his claims, that motion simply creates more noise and is a further drag on the court's limited resources. Accordingly, the court will deny this motion as well, along with defendant McArdle's motion to file a reply in support of her motion, with the assurance that a repetition of plaintiff's behavior is likely to result in some form of sanctions.

**IV. Defendant McArdle's Motion for Summary Judgment on Exhaustion Grounds**

Defendant McArdle also seeks summary judgment on the claims asserted against her on the basis that plaintiff did not name her in an administrative grievance until after he filed the present lawsuit. (Dkt. #80.) Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, a prisoner also must "properly take each step within the administrative process" to comply with § 1997e(a). *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), and filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-

5

85 (7th Cir. 2005), that are "in the place . . . at the time, [as] the [institution's] administrative rules require." *Pozo*, 286 F.3d at 1025.

The purpose of this exhaustion requirement is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006); *see Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) ("once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement"). Because exhaustion is an affirmative defense, however, *defendant* bears the burden of establishing that plaintiff failed to exhaust. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

There are two core problems with defendant's motion. *First*, a prisoner need not name a specific individual in his complaint in order to satisfy the requirements of exhaustion under 42 U.S.C. § 1997e(a). *See Blake v. Donovan*, No. 17-CV-774-JDP, 2019 WL 481734, at *3 (W.D. Wis. Feb. 7, 2019) ("[A] prisoner need not name any particular defendant in a grievance to properly exhaust his claim.") (citing *Jones v. Bock*, 549 U. S. 199, 219 (2007)). Here, there is no dispute that plaintiff properly exhausted his claims concerning lack of medical care for both his arm and penis injury. Indeed, defendant McArdle's counsel attaches to his declaration plaintiff's administrative grievances doing just that. (Reid Decl., Exs. A-C (dkt. ##83-1 to 83-3).)

*Second*, even if plaintiff were required to name McArdle in his administrative grievance, she acknowledges that he *did* file an administrative complaint against McArdle, and from the court's review of the administrative record, it appears that complaint was exhausted. (Reid Decl., Ex. D (dkt. #83-4) (records for WSPF-2017-20031).) Moreover,

6

while this grievance was filed six days after the plaintiff filed his complaint in this lawsuit, as defendant points out, there is some support in the Seventh Circuit for simply granting a plaintiff leave to amend his complaint to add these "new" allegations against McArdle. *See Cannon v. Washington*, 418 F.3d 714, 719–720 (7th Cir. 2005) (concluding that an inmate may amend his complaint to include claims that were not exhausted at the time that the original complaint was filed but that are exhausted by the time that an amended complaint is filed) (*per curiam*). Here, however, as already discussed, the court need not reach this second basis for plaintiff to proceed against McArdle, since there is no obligation to have named her individually in his timely complaints in order to satisfy the exhaustion requirements under § 1997e(a). Accordingly, the court will also deny defendant McArdle's motion.

**V. Plaintiff's Motion for Assistance in Recruiting Pro Bono Counsel**

Finally, plaintiff has filed a motion for assistance in seeking pro bono counsel. (Dkt. #126.) A *pro se* litigant does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist *pro se* litigants in finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet certain requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010).

As an initial matter, he must show that he is unable to afford counsel and that he made reasonable efforts on his own to find a lawyer to represent him, but plaintiff has

7

made this showing. He is proceeding *in forma pauperis*, and he attached three letters from attorneys denying his requests to represent him. (Pl.'s Decl., Ex. P (dkt. #127-16).)

Still, Sierra-Lopez has not demonstrated that the difficulties of this case exceed his abilities. *Pruitt*, 503 F.3d at 654–55. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff" but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." *Id.* at 655. Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one. Accordingly, the court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

In support of his motion, plaintiff simply argues the merits of his claim but fails to explain why the difficulties of this case exceed his abilities. The fact that plaintiff's case involves medical care does not automatically entitle him to counsel. *See Williams v. Swenson,* 747 F. App'x 432, 434 (7th Cir. 2019) (affirming district court's denial of request for counsel in medical care case); *Dobbey v. Carter*, 734 F. App'x 362, 364 (7th Cir. 2018) (same); *Romanelli v. Suliene*, 615 F.3d 847, 853 (7th Cir. 2010) (same). The law governing plaintiff's claims is well established, and at this point, it is not clear yet whether the case will even turn on questions requiring medical expertise. *See Redman v. Doehling,* 751 F. App'x 900, 905 (7th Cir. 2018) ("Redman could litigate his claims himself because they turned on historical facts as opposed to medical evidence").

The court notes that plaintiff's responses to defendants' motions for summary judgment are due March 16, 2020. In opposing these motions, plaintiff should focus his efforts in responding to defendants' respective proposed findings of fact. If after reviewing the responses, the court sees a need, it may reconsider recruitment of counsel. Regardless, plaintiff is free to renew his motion for assistance in preparing for trial should he get past defendants' motions for summary judgment. As such, the court will deny this motion at this time.

ORDER

IT IS ORDERED that:

1) Plaintiff Kevin Sierra-Lopez's motion for the court to accept plaintiff's previous e-filings (dkt. #77) is DENIED AS MOOT.

2) Plaintiff's motion to compel discovery (dkt. #78) is DENIED.

3) Defendant Sandra McArdle's motion for summary judgment on exhaustion grounds (dkt. #80) is DENIED.

4) Plaintiff's motion for reconsideration (dkt. #85) is DENIED.

5) Plaintiff's motion to clarify and correct the record as to defendant Barb (or Barbara) Harris a/k/a Nurse Barb (dkt. #87) is GRANTED AS PROVIDED ABOVE.

6) Plaintiff's motion for sanctions against defendant Waterman (dkt. #88) is DENIED.

7) Defendant McArdle's motion for sanctions (dkt. #92) is DENIED.

8) Defendant Lori Alsum's motion for leave and motion for summary judgment for failure to exhaust administrative remedies (dkt. #111) is WITHDRAWN in light of dkt. #123.

9) Plaintiff's motion to voluntarily dismiss defendant Alsum (dkt. #117) is WITHDRAWN in light of dkt. #119.

10) Defendant McArdle's motion for leave to file a reply brief in support of motion for sanctions (dkt. #120) is DENIED.

11) Plaintiff's motion for assistance in recruiting pro bono counsel (dkt. #126) is DENIED without prejudice.

Entered this 28th day of February, 2020.

                        BY THE COURT:

                        /s/

                        _____
                        WILLIAM M. CONLEY
                        District Judge