IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KEVIN SIERRA-LOPEZ,

                Plaintiff,                      OPINION AND ORDER

v.

                                            17-cv-599-wmc

SALEM SYED, JOLINDA WATERMAN,
REBECCA TRACY and MARY MASHAK,

                Defendants.

Plaintiff Kevin Sierra-Lopez is proceeding in this case on claims that he was denied adequate medical care while he was incarcerated at Columbia Correctional Institution ("CCI") and Wisconsin Secure Program Facility ("WSPF"), in violation of the Eighth Amendment to the U.S. Constitution. In a previous order, the court granted summary judgment to several defendants, but denied summary judgment with respect to plaintiff's claims against defendants Salem Syed, Jolinda Waterman and Rebecca Tracy. (7/1/2020 Op. & Order, (dkt. #186).) The court subsequently recruited counsel Lonnie Story of the Story Law Firm to represent plaintiff for the remainder of this case. (8/17/2020 Order (dkt. #189).) Plaintiff's counsel has filed a motion for leave to file an amended complaint (dkt. #197), which defendants do not oppose (dkt. #193), as well as two motions requesting that the court screen the amended complaint under 28 U.S.C. § 1915A.

Plaintiff's motions will be granted, and plaintiff will be granted leave to proceed on the following claims based on his allegations in the proposed amended complaint:

- Defendant Salem Syed violated plaintiff's rights under the Eighth Amendment and state negligence law by failing to provide him adequate

medical treatment for his penile injury while plaintiff was incarcerated at CCI.

- Defendant Mary Mashak violated plaintiff's rights under the Eighth Amendment and state negligence law by failing to schedule him to see a specialist for his penile injury while he was incarcerated at CCI.

- Defendant Jolinda Waterman violated plaintiff's rights under the Eighth Amendment and state negligence law by failing to arrange or provide him adequate medical treatment for his penile injury after he was transferred to WSPF.

- Defendant Rebecca Tracy violated plaintiff's rights under the Eighth Amendment by refusing to provide him with pain medication after he returned to WSPF after having a medical procedure in March 2018.

Plaintiff will be denied leave to proceed on any other claim. Although he states in his proposed amended complaint that he wants to sue Syed, Mashak and Waterman for "supervisory liability" under 42 U.S.C. § 1983, a defendant cannot be held liable for a constitutional violation simply because he or she supervised someone else. *See Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). Rather, the supervisor must know about the alleged unconstitutional conduct and participate in it in some meaningful way, such as by directing it or approving it. *See Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). And although plaintiff alleges that Syed, Mashak and Waterman approved or condoned patterns or policies of inadequate medical care, staffing and training at the prison, plaintiff includes no allegations connecting any alleged unconstitutional policies and practices to

the injuries he suffered. In particular, he has no allegations suggesting that Syed's and Waterman's failure to refer him to a urologist, Mashak's failure to schedule him with a urologist, or Tracy's failure to provide him pain medication were caused by unconstitutional policies or practices at either CCI or WSPF. Instead, plaintiff's allegations suggest that independent decisions by individual defendants caused the injuries about which he now complains. Accordingly, plaintiff may not proceed with claims based on unlawful policies and practices or based on the supervisory role of individual defendants.

Finally, defendants note that plaintiff has not alleged compliance with Wisconsin's notice of claim statute, Wis. Stat. § 893.82, which is prerequisite to filing any state law claim, except for medical malpractice claims, against a state employee. The court cannot resolve this issue at this time, however, because it is not clear which of plaintiff's claims would qualify as medical malpractice claims that are exempt from the notice statute. *Id.* § 893.82(5m). Defendants may raise this issue in a motion to dismiss, for summary judgment or in limine before trial.

ORDER

IT IS ORDERED that:

1) Plaintiff Kevin Sierra-Lopez's motion for leave to file an amended complaint (dkt. #192), and motions for screening (dkt. ##197, 203), are GRANTED.

2) Plaintiff is GRANTED leave to proceed on claims against defendants Salam Syed, Mary Mashak and Jolinda Waterman under the Eighth Amendment and state law, as set forth above. Plaintiff is also GRANTED leave to proceed on an Eighth Amendment claim against defendant Rebecca Tracy, as set forth above.

3) Plaintiff is DENIED leave to proceed on any other claims.

4) The clerk of court is directed to set this case for a scheduling conference with Magistrate Judge Crocker.

Entered this 13th day of July, 2022.

        BY THE COURT:

        /s/

        _____
        WILLIAM M. CONLEY
        District Judge