IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN SIERRA-LOPEZ,

        Plaintiff,

v.

SALEM SYED, JOLINDA WATERMAN
and MARY MASHAK,

        Defendants.

OPINION AND ORDER

17-cv-599-wmc

---

Plaintiff Kevin Sierra-Lopez was granted leave to proceed on claims that he was denied adequate medical care while incarcerated in the Wisconsin prison system. Following a narrowing of the appropriate defendants and medical issues at summary judgment (dkt. #186), the court recruited counsel to represent Sierra-Lopez for the remainder of the case. Sierra-Lopez is now proceeding only on the following claims: (1) defendant Dr. Salem Syed violated plaintiff's rights under the Eighth Amendment and state negligence law by failing to provide him adequate medical treatment for his penile injury while plaintiff was incarcerated at Columbia Correctional Institution; and (2) defendant Jolinda Waterman violated plaintiff's rights under the Eighth Amendment and state negligence law by failing to arrange or provide him adequate medical treatment for his penile injury after he was transferred to Wisconsin Secure Program Facility.[1]

---

[1] Sierra-Lopez also claimed that defendant "Mary Mashak," whose correct name is Meredith Spangler, violated his rights under the Eighth Amendment and state negligence law by failing to schedule him to see a specialist for his penile injury while he was incarcerated at CCI. However, he conceded in his response to defendants' summary judgment motion that his claims against Spangler should be dismissed because she was not employed at CCI during the relevant time period. Therefore, the court will grant summary judgment to Spangler.

Two motions are pending before the court. First, defendants move to strike plaintiff's expert witness disclosures as untimely. (Dkt. #215.) That motion will be granted. Plaintiff concedes that his expert disclosure was more than one month late: his deadline was February 3, 2023, and he filed his disclosure on March 22, 2023, a week after defendants filed their own disclosures. Plaintiff has no justification for the late disclosure besides his failure to calendar the deadline and difficulty in finding an expert. Even if the court were willing to forgive plaintiff's late disclosure, the disclosure fails to comply with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B). In particular, plaintiff failed to provide a written report from Dr. Matthew Karlovsky, who he identifies as a retained expert who would provide an opinion about the standard of care and adequacy of care provided to plaintiff. Under Rule 26(a)(2)(B), a retained expert must provide a written report containing specific information set forth in the rules. Finally, despite defendants' notice to plaintiff that his disclosure was deficient, plaintiff has yet to file a report from Dr. Karlovsky.[2]

Moreover, at this late stage in the case, permitting plaintiff to correct these deficiencies would obviously be highly prejudicial to defendants. Accordingly, the court will grant defendants' motion to strike the expert witness disclosure. *See* Fed. R. Civ. P. 37(c)(1) (party who fails to comply with disclosure requirements of Rule 26(a) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing,

---

[2] While the court is generally sympathetic to *pro bono* counsel's concerns for the costs of preparing that report, as someone who has practiced in this court, he should have been aware that reasonable expert fees may be paid out of the clerk's *pro bono* fund, or least in part, and if he lacks the resources to enlist an expert, then perhaps he should consider declining some of these representations.

2

or at a trial, unless the failure was substantially justified or is harmless").  However, in light of counsel's taking this case on a pro bono basis, the court declines to award fees to defendants and will allow plaintiff fourteen days to name Dr. Karlovsky as a rebuttal expert *provided* this is done consistent with Fed. R. Civ. P. 26(a)(2)(B).

Defendants' second motion follows from the first:  they move for summary judgment on plaintiff's state law medical negligence claim against Dr. Syed on the ground that plaintiff cannot succeed on his claim without an expert who can testify regarding the standard of care.  (Dkt. #217.)  Defendants argue that a lay jury could not determine whether Dr. Syed breached the standard of care without an expert to explain the appropriate treatment for protocols for penile injuries.  This motion will be denied.

Although the general rule is that expert testimony is required to establish the standard of care in a medical negligence case, there is an exception to that rule when common knowledge would allow a jury to find negligence.  *Gil v. Reed*, 535 F.3d 551, 557–58 (7th Cir. 2008); *see also Jones v. Edge*, No. 16-cv-848-jdp, 2018 WL 2301846, at *4 (W.D. Wis. May 21, 2018).  Although penile injuries can no doubt be complex, all of plaintiff's claim about Syed's treatment decisions do not boil down to the intricacies of urology procedures themselves.  For instance, as discussed in detail in the court's prior summary judgment opinion (dkt. #186, at 8, 24–25), plaintiff submitted evidence that Dr. Syed:  (1) refused to provide pain medication to plaintiff while examining the inside of his penis with forceps; (2) failed obtain an ultrasound or x-ray of plaintiff's penis; and (3) waited five months to refer plaintiff to a specialist, despite plaintiff's report of inserting a paper clip into his penis and his ongoing reports of pain and blood in his urine.

Regardless, without seeing the full range of evidence and arguments the parties will adduce on this claim, the court is not convinced that it must be dismissed as a matter of law for lack of expert testimony. In any event, plaintiff may call Syed adversely to cross-examine about the standard of care and medical decisions. At this point, it is unclear how fruitful that would be for plaintiff, and without an expert of his own, he may be more vulnerable to a motion for judgment as a matter of law after presentation of his case-in-chief, but the court will deny defendants' motion for summary judgment on plaintiff's negligence claim against Syed.

Finally, defendants also move for summary judgment on plaintiff's negligence claim against defendant Waterman on the ground that plaintiff failed to comply with Wisconsin's notice-of-claim requirements under Wis. Stat. § 893.82. However, as this court has noted before, claims against nurses regarding medical acts or decisions are exempt from the notice of claim requirements under § 893.82(5m). *Soderlin v. Doehling*, No. 18-CV-899-WMC, 2021 WL 4742716, at *2 (W.D. Wis. Oct. 12, 2021), aff'd, No. 22-2045, 2023 WL 2399383 (7th Cir. Mar. 8, 2023). Here, plaintiff contends that Waterman committed medical malpractice by failing to arrange or provide medical treatment for him. Waterman has submitted no declaration or other evidence establishing that her specific actions challenged in this case involved no exercise of medical judgment or would not otherwise qualify as a medical malpractice claim. Therefore, the court will deny summary judgment on plaintiff's negligence claim against Waterman as well.

ORDER

IT IS ORDERED that:

1) Defendants' motion to strike expert witness disclosures (dkt. #215) is GRANTED, although: plaintiff may have until on or before August 4, 2023, to name and produce an expert rebuttal report; defendants may also take that expert's deposition before trial, including by phone or video conference at their expense; and their previously named expert(s) may respond to those opinions without further disclosures to plaintiff.

2) Defendants' motion for partial summary judgment (dkt. #217) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED with respect to plaintiff Kevin Sierra-Lopez's claims against defendant Mary Mashak (Meredith Spangler) and is DENIED in all other respects.

Entered this 21st day of July, 2023.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge