IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KEVIN SIERRA-LOPEZ,

                    Plaintiff,                  OPINION AND ORDER

v.

                                                  17-cv-599-wmc

SALEM SYED and JOLINDA WATERMAN,

                    Defendants.

Plaintiff Kevin Sierra-Lopez, represented by counsel, is proceeding to trial on the following claims: (1) defendant Dr. Salem Syed violated plaintiff's rights under the Eighth Amendment and state negligence law by failing to provide him adequate medical treatment for his penile injury while plaintiff was incarcerated at Columbia Correctional Institution; and (2) defendant Jolinda Waterman violated his rights under the Eighth Amendment and state negligence law by failing to arrange or provide him adequate medical treatment for his penile injury after he was transferred to Wisconsin Secure Program Facility. The case is scheduled for a jury trial on September 11, 2023, with a final pretrial conference on August 29, 2023, at 2:30 p.m. The following order addresses defendants' motion to dismiss for lack of prosecution and defendants' motions in limine.[1]

---

[1] Plaintiff did not file any motions in limine.

OPINION

**A. Defendants' motion to dismiss for lack of prosecution (dkt. #237)**

After plaintiff failed to file his pretrial materials by the August 4 deadline, defendants filed a motion to dismiss for lack of prosecution. That motion will be denied. Plaintiff has since filed his materials, and defendants were not prejudiced by the four-day delay.

**B. Defendants' omnibus motion in limine (dkt. #231)**

**1. Exclude argument, questions, testimony or evidence regarding the causation of plaintiff's physical injuries, permanence, future care and treatment, or future pain and suffering**

Defendants concede that plaintiff may testify about his own perception of his physical and mental health before and after the incident, but they seek to preclude plaintiff or any other lay witnesses from testifying that any specific incident or treatment caused any health problems, that the incident resulted in a specific medical diagnoses or that plaintiff will suffer pain into the future. Plaintiff does not object to this motion, so it is GRANTED, with the caveat that plaintiff may testify about his own perceptions of his injuries and may introduce other evidence of his symptoms and injuries falling outside the confines of this motion.

**2. Exclude plaintiff from eliciting expert testimony**

Plaintiff did not timely disclose any expert despite the court granting him additional time to do so (dkt. #237, at 2), so defendants seek to exclude plaintiff from eliciting expert testimony at trial. Plaintiff does not oppose the motion, so it is GRANTED.

3. **To limit plaintiff's potential compensatory damages to $1**

    Defendants argue that plaintiff has no evidence that he suffered any recoverable physical injury. This motion is DENIED. Plaintiff will have the opportunity at trial to present evidence of physical injury, pain and suffering, and defendants have identified no persuasive reason why he should be prohibited from doing so.

4. **Exclude testimony, other evidence, argument or questioning regarding the details of lawsuits, inmate grievances or work history involving defendants**

    This motion is GRANTED as unopposed, with the caveat that plaintiff may use this evidence: (1) for proper impeachment purposes; and (2) subject to discussion outside the jury's presence as to whether defendants have "opened the door," whether at side bar or at a break in trial.

5. **Exclude reference to the details of other lawsuits involving DOC or DOC employees**

    This motion is GRANTED as unopposed with the same caveats as the previous motion: plaintiff may use such evidence for impeachment or if plaintiff confirms outside the jury's presence defendants have opened the door.

6. **Permit defendants to question plaintiff about his criminal convictions**

    Defendants seek permission under Federal Rule of Evidence 609 to ask plaintiff about his criminal convictions, including the title, date and disposition of his felony level offences. This motion is GRANTED IN PART and DENIED IN PART. As is this court's general practice, defendants may ask plaintiff whether he is serving a sentence for multiple

felony convictions. Additional details regarding his offenses would have little probative value and likely be unfairly prejudicial.

ORDER

IT IS ORDERED that:

1) Defendants' motion to dismiss for failure to prosecute (dkt. #237) is DENIED.

2) Defendants' motions in limine (dkt. #231) are GRANTED IN PART and DENIED IN PART as set forth above.

Entered this 17th day of August, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge